A. J. CORPENING *v* ARCHIBALD KINCAID and others.

*Specific Lien— Purchaser—Homestead.*

1. Where land sued for has been adjudged in a previous suit to be subject to a specific lien before the adoption of the constitution of '68 and to be sold, such judgment is one *in rem* directly affecting the land itself, and a party to the suit cannot, in a subsequent action by the purchaser to recover the land, collaterally attack the judgment and claim the *res* as a homestead exemption.

2. And the plaintiff here by his purchase has title running back to the lien to which the land was subject, and is entitled to recover the *present possession* as against the defendant homesteader.

CIVIL ACTION to recover possession of Land tried at Spring Term, 1878, of BURKE Superior Court, before *Cloud, J.*

Judgment for plaintiff, appeal by defendants.

Plaintiff was not represented in this court.
*Mr. Johnstone Jones,* for defendants.

DILLARD J.   This was an action to recover four tracts of land, separately· described by metes and bounds, on a claim of title by plaintiff, under an execution sale and deed by the sheriff, by authority of the judgment of the superior court of Caldwell county, at spring term, 1873, in a cause where the present plaintiff and others were plaintiffs, and the 'defendant, Archibald Kincaid and others, were defendants.

The defendants disclaiming as to the last two tracts described in the complaint, rely on the defence, as to the first two tracts, that they were duly assigned and set apart to Archibald Kincaid on his own petition as a homestead on the· 13th day of November, 1869, and the reversionary interest therein was levied upon on the 11th of February,

1870, before but sold after the passage of the act forbidding the sale of such interests, and bought by the other defendants, J. S. Kincaid and Laura Fox, who received a deed from the sheriff for the same. Upon this title it is claimed by defendants that the lands sued for are protected from recovery as against Archibald Kincaid by his homestead, and as to the other two defendants by a title to the reversionary interest by a sale and deed of the sheriff under execution.

Were the said two tracts exempt from sale under the execution under which the plaintiff purchased? and was the sheriff's deed unavailing to pass the title to him? The homestead assigned to Archibald Kincaid in 1869 under our constitution and laws was not liable to levy and sale under execution for any debt not excepted, contracted since the adoption of the constitution of 1868, and if the sale at which the plaintiff purchased was under execution for such a debt the sale and sheriff's deed, if not void, was inoperative to pass to plaintiff any present right of possession. But plaintiff insists his title does not depend on an execution against which the homestead laid off to Archibald Kincaid could be maintained.

The legatees of Robert Kincaid sued John Kincaid and Archibald Kincaid, the executors to his will, and procured a decree for the sums severally due to them in the supreme court as reported in Winston's Eq., 44, and executions issued therefor were levied on the personal and real estate of the said executors, and among the tracts so levied on were the two tracts now claimed by defendants as exempt. The executors, in order to restrain a sale under said levy, filed a bill in equity in the court of equity, of Burke county, to fall term, 1866, and therein obtained an injunction, on the execution of a proper bond conditioned according to law with the plaintiff, A. J. Corpening, as surety thereto, and this suit was prosecuted to final decree on appeal to the supreme court at January term, 1870, as reported in 64 N.

C., 387, and therein the distributive shares of the legatees and next of kin were definitely settled and fixed and the amounts decreed to the several parties were all paid out of the assets of the estate of John Kincaid, (who by this time had died), except two thousand and fifty dollars which remained to be paid and was paid by the plaintiff as surety on the injunction bond in the suit last mentioned.

The said Corpening having paid said sum as surety, and the assets of John Kincaid being already applied, and Archibald Kincaid having covered himself by having his homestead laid off, thereupon instituted an action in Caldwell superior court in 1871, against Archibald Kincaid, (the defendant in this action) on whose lands the executions on the supreme court decree of 1864 had been levied, praying to be substituted to the lien of those executions by virtue of the levies that had been made thereunder, to the extent of the sum he had been compelled to pay as surety on the injunction bond of John and Archibald Kincaid, executors of Robert Kincaid. And this action was proceeded in to judgment at fall term of 1873, and therein it was declared that the said executions levied on Archibald Kincaid's lands in 1866 created a vested right in favor of the plaintiffs, and that Corpening, the surety, was entitled to be substituted to and have the benefit of the levies made, for reimbursement to him of the money he had paid in satisfaction thereof, and it was adjudged that unless Archibald Kincaid paid the two thousand and fifty dollars on or before a day named, a *venditioni exponas* should be issued to the sheriff commanding him to expose to sale so much of the lands of Archibald Kincaid levied on in 1866 as would suffice to repay to Corpening the sum paid by him as surety on the injunction bond, with interest and costs.

According to this judgment, the money not being paid, a writ of *venditioni exponas* was issued returnable to spring term, 1875, and by virtue thereof a sale was duly made by

the sheriff of the two tracts of land covered by the homestead of Archibald Kincaid and purchased by the present plaintiff, and a deed executed to him, and it is claimed that these proceedings passed the title to the plaintiff notwithstanding the previous assignment of the same lands as a homestead.

Before the institution of the action for substitution, one Presnell having a justice's judgment docketed caused execution to be issued thereon against Archibald Kincaid on the 4th of February, 1870, which was levied on the lands in dispute on the 11th and (a homestead covering the same having been allotted to the debtor in the year 1869) a sale was made thereunder and a deed executed to the defendants J. S. Kincaid and Laura Fox and others, conveying the two tracts, subject to the homestead of Archibald Kincaid, and upon these facts the defendants rely that the homestead of Archibald Kincaid and the reversionary interest conveyed by the sale and sheriff's deed are sufficient in law to defeat plaintiff's recovery.

Upon the facts above as collected from the records referred to in the case of appeal signed by the counsel, we are of opinion that the sheriff's sale of the two tracts of land previously assigned to Archibald Kincaid for a homestead, passed to the plaintiff all the right and interest therein of the said Archibald at the time of the sale under the judgment of the court in the action brought praying substitution, and that by virtue thereof there is a right of present possession in the plaintiff entitling him to recover the possession in this action. Undoubtedly Archibald Kincaid was entitled to a homestead possession as against the payment of money by the plaintiff as surety in 1870, and a judgment obtained therefor, as established by numerous decisions of this court. But here, it was adjudged in a court having jurisdiction of the subject matter and of the person of Archibald Kincaid that a specific lien was obtained by the exe-

cutions of the legatee of Robert Kincaid levied in 1866 on the lands in controversy, and that plaintiff Corpening was entitled to be substituted to such lien, and to have the same enforced for the reimbursement of the money paid by him as surety of Archibald Kincaid in satisfaction of those executions; and to this end ordered a *ven. ex.* to issue to sell the lands levied on, which are the lands now claimed for a homestead. Whether there was such specific lien or not, and whether the judgment of the court declaring the liens to exist and enforcing the same for exoneration of the plaintiff as surety, was in law correct or erroneous, it is not for us now to inquire as those points were adjudged in a cause to which Archibald Kincaid was a party, and that judgment remains unreversed.

It is an elementary principle needing no citation of authority that the judgment and decree of a court of competent jurisdiction are conclusive as to every thing passed upon and adjudged therein and gives the right to have process to execute the same, and the court having adjudged the lands now sued for to be under a lien acquired in 1866, and still existing and to be sold for plaintiff's exoneration, it was a judgment not for a debt against which the homestead assigned was good, but a judgment *in rem* affecting the lands themselves directly, and the said Archibald Kincaid having been a party to that suit he is concluded and it is not now open to him collaterally to attack the legal propriety of that judgment on the trial of this action, or to claim the *res* as exempt, which might have been determined in that suit.

To allow the defendant now to claim his homestead in the lands which were adjudged to be affected by a specific lien anterior to the adoption of the constitution giving the exemptions, is collaterally to impeach the judgment of the court ordering the sale of the lands; and to allow him now to urge that the payment of the money by plaintiff as surety

extinguished the executions levied in 1866 is to draw into litigation again a matter which has been passed upon and adjudged in a former action.

Applying these principles to the case under consideration, it is our opinion that the sale and sheriff's deed under the judgment of the court adjudging a specific lien on the lands and a right in plaintiff to be substituted thereto, availed at least to pass to plaintiff such estate in the lands as Archibald Kincaid had at or after the institution of the action in 1871, which is but a homestead estate. A title communicated to plaintiff, to this extent only, authorizes a judgment establishing the right of possession in him as against Archibald Kincaid during the continuance of the homestead, and also as against the other defendants who in their behalf admit the homestead right, and make question with the plaintiff only as to the efficacy of his deed to deprive them of their reversionary interest after the expiration of the homestead. Upon the question whether the plaintiff's deed from the sheriff passed to him the whole fee, or only the homestead interests leaving the reversion in J. S. Kincaid, Laura Fox and others, under their deed in 1870, which seems to have been designed to be presented, we are unable to express an opinion for the reason, no facts being found by His Honor in the court below, that we cannot decide from the sheriff's deed and other exhibits whether the reversionary interest was sold before or after the act forbidding such sales, nor whether the sale was had before or after the return day of the execution. We therefore determine merely that the plaintiff has the right to judgment for possession against all the parties during the homestead right of Archibald Kincaid, and leave the question of right in the fee after the expiration of the homestead right open as between the plaintiff and the claimants of the reversionary right.

We therefore affirm the judgment of His Honor for the

recovery of the present possession of the first and second tracts of land mentioned in the complaint, leaving the question of title open between plaintiff and J. S. Kincaid and others as to the reversionary interest after the expiration of the homestead right of Archibald Kincaid. Let this be certified.

No error.                                    Affirmed.